FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUL -2 PM 12: 23
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR418-64 |
| | ) | |
| v. | ) | |
| | ) | |
| PABLO RANGEL-RUBIO | ) | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on February 7, 2018, a federal grand jury sitting in the Southern District of Georgia returned an Indictment against Defendant Pablo Rangel-Rubio (hereinafter the "Defendant"), wherein he was charged with two-counts of violating 18 U.S.C. § 922(g)(5) (Count 1 & Count 2 – Possession of a Firearm by a Person Illegally or Unlawfully in the United States);

WHEREAS, the Indictment sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) of any firearm involved in the commission of the offenses charged in the Indictment;

WHEREAS, on May 21, 2018, pursuant to a written plea agreement, Defendant pled guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 922(g)(5);

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States his interest in any firearm and ammunition involved or used in the knowing commission of the offense to which he has agreed to plead guilty, specifically:

1. one Rohm, RG10, .22 caliber revolver bearing serial number 122295, and

2. one Norinco, Model SKS, 7.62 caliber rifle, bearing serial number 1217594 (collectively, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the

validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward two certified copies of this order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: July 2, 2018

HON. WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA